**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALIDA IROMI LARA-NIEVES, **Plaintiff**, v. COMMONWEALTH OF PUERTO RICO, ALEXIS TORRES-RIOS, ANTONIO-LOPEZ-FIGUEROA, and LUIS DIAZ-MUNOZ, **Defendants.** | **CIVIL NO. 24-1358 (RAM)** |

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

On August 12, 2024, Plaintiff Alida Iromi Lara-Nieves ("Plaintiff" or "Lara-Nieves") filed a *Complaint* against the Commonwealth of Puerto Rico, Secretary Alexis Torres-Ríos, Commissioner Antonio López-Figueroa, and Inspector Luis Díaz-Muñoz ("Defendant" or "Díaz-Muñoz") for alleged employment discrimination and sexual harassment. (Docket No. 1). Plaintiff filed proof of execution of summons as to all Defendants on November 11, 2024. (Docket No. 25).

On January 10, 2025, Defendant Díaz-Muñoz filed a *Motion to Quash Service of Summons and Dismiss the Complaint under Fed. R. Civ. P. 12(b)(5)* ("*Motion*"). (Docket No. 18). Defendant admits that a copy of the *Complaint* and summons was accepted by Elsa M. Rodríguez-Barbosa ("Ms. Rodríguez-Barbosa") on his behalf, yet Defendant avows that he has never authorized Ms. Rodríguez-Barbosa

to serve as his agent and receive service of summons for him.[1] Id.
1-2. Accordingly, Defendant contends that service of process has
not been properly effected, thus the Court should quash service
and dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5).
Id. at 2-4.

Plaintiff filed a *Response and/or Motion Requesting an Order
to Serve Defendant with Summons by Publication* ("*Motion for Service
by Publication*"). (Docket No. 23). Plaintiff asserts that she has
good cause for failing to properly serve Defendant and that under
Fed. R. Civ. P. 4(m)[2] the Court should allow her additional time
to properly serve Díaz-Muñoz. Id. at 4-6. Alternatively, Plaintiff
declares that even if the Court fails to find good cause, the Court
should nevertheless allow her a reasonable time to serve Defendant
since the discretionary factors favor such action. Id. at 6-8.
Lastly, Plaintiff requests that the Court either enter an order
allowing summons by publication or instructing Defendant's counsel
to agree to a time and place to serve process personally on Díaz-
Muñoz. Id. at 8-10.

---

[1] According to the process server's affidavit, Ms. Rodríguez-Barbosa was then
Secretary of the Interim Director of the Legal Affairs Office of the Puerto
Rico Police Bureau ("PRPB"), and, to the best of the process server's
knowledge, Díaz-Muñoz is an officer of the PRPB. Docket No. 23-1 ¶¶ 8, 10.

[2] Fed. R. Civ. P. 4(m) provides that:
   If a defendant is not served within 90 days after the complaint is
   filed, the court – on motion or on its own after notice to the
   plaintiff – must dismiss the action without prejudice against that
   defendant or order that service be made within a specified time.
   But if the plaintiff shows good cause for the failure, the court
   must extend the time for service for an appropriate period.

In support of her motion, Plaintiff filed a sworn statement
from her process server that articulates the multiple attempts
that were made to personally serve Defendant. (Docket No. 23-1).
According to the affidavit, after visiting various command
stations and Defendant's purported residence, as well as
questioning several individuals about Defendant's whereabouts, the
process server was told by numerous sources that Defendant was on
leave abroad until after the summons deadline. Id. at 2-5. The
process server swore that Ms. Rodríguez-Barbosa "assured [him]
that she was authorized to receive the summons on behalf of Mr.
Díaz Muñoz in his official and personal capacities and, in fact,
received the summons." Id. at 3, 5. The process server further
stated that, based on his over 30 years of experience and what he
learned while attempting to serve Defendant, he believed that
Defendant "was aware of [Plaintiff's] lawsuit against him and went
abroad to avoid being personally served with process." Id. at 5.

As the Court sees no reason why service cannot be properly
effected upon Defendant in accordance with Rule 4(e), the Court
shall not dismiss the claims against Defendant for improper service
of process, as such an outcome is greatly disfavored. See Torres
v. Junto De Gobierno De Servicio De Emergencia, 91 F.Supp.3d 243,
248 (D.P.R. 2015); Ramirez De Arellano v. Colloides Naturels Int'l,
236 F.R.D. 83, 85 n.4 (D.P.R. 2006) ("if the first service is
ineffective, and the defects are curable, the [c]ourt should treat

a motion to dismiss as a motion to quash service of process in the alternative and retain the case pending effective service").

Further, under Fed. R. Civ. P. 4(e)(1), a plaintiff may serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4.6 of the Rules of Civil Procedure for the Commonwealth of Puerto Rico allows for service of summons by publication for persons in Puerto Rico if they "could not be located after reasonable diligence or [are] hiding to avoid being served" and the affidavit or complaint "establishes the existence of a claim that warrants relief against the person upon whom service is to be effected."

In accordance with the above, the Court hereby **DENIES** Defendant's request for dismissal under Rule 12(b)(5) at Docket No. 18 and, instead, solely **QUASHES** service against Defendant. Plaintiff is ordered to serve process upon Defendant Luis Díaz-Muñoz within **SIXTY (60) DAYS** of entry of the instant Order. Additionally, Plaintiff's *Motion for Service by Publication* at Docket No. 23 is **GRANTED.**

The Clerk of Court shall issue the summons by publication.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 5th day of February 2025.

                              S/ Raúl M. ARIAS-MARXUACH
                              United States District Judge